Filed 2/24/25  P. v. Torres CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RAY TORRES,<br><br>Defendant and Appellant. | B334460<br><br>(Los Angeles County Super. Ct. No. PA042489) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Maria Leftwich, under appointment by the Court of Appeal, for Defendant and Appellant.

No Appearance for Plaintiff and Respondent.

————————————

Ray Torres appeals the trial court's denial of his petition for resentencing under Penal Code[1] section 1170.126. The trial court found that Torres was ineligible for resentencing because he was armed with a deadly weapon during commission of the offense. We affirm the trial court's order.

## FACTS[2]

On October 16, 2002, Torres robbed a Radio Shack. The following day, in the mid-afternoon, Los Angeles Police Department Officers Robinson and Lotz were on patrol in Sylmar when they noticed Torres driving a car without a front license plate, which was a violation of the Vehicle Code. The officers activated their lights, intending to conduct a traffic stop. Torres slowed down, then sped up. The officers turned on their siren. The officers pursued the car for about two and a quarter miles. During this pursuit, Torres drove at speeds up to 100 miles per hour, swerved into oncoming traffic lanes, and ran stop signs and red lights. He eventually hit a parked car and was arrested.

## PROCEDURAL HISTORY

In 2003, a jury convicted Torres of second degree robbery (§ 211, count 1) and evading an officer while driving a motor

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The facts are taken from the prior unpublished appellate opinion in *People v. Torres* (Feb. 17, 2004, B165871 [nonpub. opn.]).

vehicle with willful wanton disregard for persons and property (Veh. Code, § 2800.2, subd. (a), count 2). In a separate bench trial, the court found true allegations that Torres suffered three prior convictions under section 667.5, subdivision (b), and suffered three prior serious or violent felony convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). The trial court sentenced Torres to a term of 50 years to life in prison under the Three Strikes law.

In 2017, Torres filed in pro. per. a petition for writ of habeas corpus in the Superior Court arguing that he was eligible for resentencing under section 1170.126. The trial court issued an order to show cause with respect to Torres's conviction of evading an officer in count 2 and denied the petition with prejudice as to Torres's robbery conviction in count 1.

The People conceded that Torres was eligible for resentencing on the basis of suitability at the direction of the Los Angeles County District Attorney in accordance with Special Directive 20-14. The People also joined in Torres's request that all enhancements and allegations be stricken in the interests of justice, pursuant to Special Directive 20-08.

Subsequently, the People filed a summary of Torres's criminal history and discipline as ordered by the court.

Through counsel, Torres filed arguments and exhibits in support of his section 1170.126 petition, arguing that his conviction for evading in count 2 was not a serious or violent felony, there were no other aggravating factors, and he did not pose a current unreasonable risk of danger to public safety.

The People filed an opposition, arguing that despite their earlier concession, Torres's eligibility had not been determined. The People asserted that Torres was ineligible for resentencing

3

because he was armed with a deadly weapon—a motor vehicle—in the commission of count 2, and because he intended to inflict great bodily injury upon another person in commission of that offense.

Torres replied to the People's opposition, arguing that the People could not prove beyond a reasonable doubt that he was armed with a deadly weapon or that he intended to cause great bodily injury.

The trial court denied Torres's petition because it found beyond a reasonable doubt that Torres drove a vehicle in a manner that would probably result in physical harm. Torres was therefore "armed with a . . . deadly weapon" during commission of the offense and ineligible for relief. However, the court rejected the People's contention that Torres attempted to cause great bodily injury.

Torres appealed, and this court appointed counsel to represent him. After examining the record, Torres's attorney filed an opening brief raising no issues and asking that we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). We invited Torres to submit a supplemental brief.

Torres mistakenly filed a supplemental letter brief in the Superior Court. In the Court of Appeal, the case was dismissed and the remittitur issued. Torres's counsel filed a motion to recall the remittitur that explained Torres's mistake. We recalled the remittitur and accepted the brief that Torres had filed in the trial court as a timely supplemental letter brief in this appeal.

## DISCUSSION

Section 1170.126 permits persons who are currently serving an indeterminate life term under the Three Strikes law, like Torres, to file a petition in the sentencing court seeking to be resentenced to a determinate term as a second striker. (§ 1170.126, subd. (f).)  If the trial court determines, in its discretion, that the defendant meets the criteria of section 1170.126, subdivision (e), the court may resentence the defendant.  (§ 1170.126, subds. (f), (g).)

Section 1170.126, subdivision (e), provides that a defendant is eligible for resentencing if he or she is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of section 667 or subdivision (c) of section 1170.12 "for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of [s]ection 667.5 or subdivision (c) of [s]ection 1192.7."  (§ 1170.126, subd. (e)(1).)  The Act makes ineligible for resentencing a person who "[d]uring the commission of the current offense . . . was armed with a deadly weapon . . . ."  (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii); see § 1170.126, subd. (e).)  Our Supreme Court has defined " 'deadly weapon[s]' to include objects used in a manner capable of producing and likely to produce great bodily injury[,]" including motor vehicles.  (*People v. Perez* (2018) 4 Cal.5th 1055, 1068 (*Perez*).)

"[T]he question whether a defendant was armed with a deadly weapon during his or her current offense [is] a question of fact."  (*Perez, supra*, 4 Cal.5th at p. 1066.)  "We review the factual basis for the trial court's finding of resentencing ineligibility under the substantial evidence test.  We review the whole record

5

in a light most favorable to the order to determine whether it contains substantial evidence, i.e., evidence that is credible and of solid value, from which a rational trier of fact could find ineligibility by a preponderance of the evidence." (*People v. Valdez* (2017) 10 Cal.App.5th 1338, 1346.) We review questions of law, including interpretation of the statute, independently. (*Perez*, at p. 1067.)

We limit our consideration to the issues raised in Torres's brief. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232 [where a defendant's attorney finds no arguable issues in an appeal from the denial of a petition for resentencing and the defendant files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion," but the question of whether to conduct an independent review of the entire record is "wholly within the court's discretion"].)

Torres contends that he cannot be ineligible for resentencing because he was not charged with use of a weapon or assault likely to cause great bodily injury under section 245, and the jury made no finding regarding the probable consequences of driving as he did. The contention lacks merit. "[T]he express statutory language requires the trial court to make a factual determination that is not limited by a review of the particular statutory offenses and enhancements of which petitioner was convicted." (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1332.)

Torres's contention that he did not use his vehicle as a deadly weapon because he did not intentionally hit a person, pet, or property also fails. Torres's use of a vehicle in a manner likely to produce great bodily injury during the commission of the

6

offense—speeding excessively, weaving into oncoming traffic, running stop signs and red lights, and ultimately crashing into another vehicle—is sufficient to render him ineligible for relief under section 1170.126.  (*Perez*, *supra*, 4 Cal.5th at p. 1065.)  His "specific intent . . . is immaterial . . . ."  (*Id*. at p. 1067.)  Torres's assertion that defendants in cases similar to his have been resentenced is unavailing.  The trial court made a factual determination that Torres used the vehicle in a manner that qualified it as a deadly weapon.  That determination is supported by substantial evidence.  We will not reweigh the evidence or second-guess the trial court's findings.  Moreover, while Torres's renouncement of all gang affiliation, his positive "chronos," his employment in prison, and his expressions of remorse are laudable, they do not provide a basis for eligibility in light of the trial court's ineligibility determination.

Finally, Torres's arguments that counsel at his 2003 trial provided ineffective assistance and that the trial court erred in denying his motion to strike his three strikes convictions, as well as his complaints regarding the length of his sentence, are issues that Torres could have raised in a prior appeal.  Torres has not made a showing of justification for the delay, and we will not address these issues here.  (*People v. Senior* (1995) 33 Cal.App.4th 531, 538.)

## DISPOSITION

The trial court's order denying Torrez's Penal Code section 1170.126 petition is affirmed.

NOT TO BE PUBLISHED.


MOOR, J.

WE CONCUR:


BAKER, Acting, P. J.


KIM (D.), J.